## JOSEPH OLIVER *vs.* AUGUST HOOK.

### EASEMENTS.

*Right of Way—What Easements pass with the grant of part of a tract of land, without express terms—A party cannot have an Easement in his own Land—Ways of Necessity—In what lands such Ways may be had—How they may be extinguished.*

Where a specific piece of land is conveyed by deed, it being part of a larger piece held and owned by the grantor, and described by metes and bounds, in the absence of apt and express terms no specific way outside the limits of the land granted, if not properly an existing easement, will pass as appurtenant.

The words—"all and every the rights, privileges, appurtenances and advantages to the land belonging or in anywise appertaining,"—used in a conveyance of land, will pass a right of way, where such right belonged to the estate granted as a pre-existing easement; but such terms used in a conveyance of part of a tract of land will not create a new easement, nor give a right to use a way which has been used with one part of the land over another part, while both parts belonged to the same owner and constituted an entire estate.

A party cannot have an easement in his own land, as all the uses of an easement are fully comprehended and embraced in his general right of ownership.

The general principle is that no right in a way which has been used during the unity of ownership will pass upon a severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right *de novo*.

Where one party deeds to another a parcel of land surrounded by other lands and there is no access to the land thus conveyed except over the land of the grantor, the latter gives the grantee a right of way by implication, over his own land to that conveyed by him.

But this way of necessity is a way of new creation by operation of law, and is only provisional; for it is only brought into existence from the necessities of the estate granted and continues to exist only so long as there may be a necessity for its use. And if the grantee acquires a new way to the estate previously reached by the way of necessity, the way of necessity is thereby extinguished.

A right of way of necessity can only be raised out of the land granted or reserved by the grantor, and never out of the land of a stranger.

APPEAL from the Circuit Court for Baltimore County.

The case is sufficiently stated in the opinion of the Court.

In this case there were several prayers offered on each side, all of which were rejected, and the Court instructed the jury that there was no evidence in the case to entitle the plaintiff to recover, and that their verdict must be for the defendant.

The plaintiff excepted to the rejection of his prayers and to the aforesaid instruction given by the Court to the jury, and took this appeal.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*Wm. M. Merrick* and *R. R. Boarman,* for appellant.

*R. J. Gittings* and *D. J. McIntosh,* for appellee.

A right of way over another's ground, *of necessity,* can arise only by grant, express or implied. If the latter, the implication is conclusive only when the way is indispensably essential to the beneficial enjoyment of the estate.

Mere convenience is not sufficient to raise it. 3 *Taunton,* 31; *Nichols vs. Luce,* 24 *Pick.,* 102, 104; *Brice vs Randall,* 7 *G. & J.,* 349; *Seabrook vs. King,* 1 *N. & McC.,* 140; *Pennington vs. Galland,* 20 *Eng. L. & Eq.,* 561.

"It has been held in *Trash vs. Patterson,* 29 *Me.,* 499, that where land was conveyed, bounded on one side by the

land of the grantor, and on the other sides by lands of other persons, that no right of way from necessity passed as incident to the grant." And necessity alone, without reference to the respective owners, is not sufficient to create this right.

It is not true, said Lord ELLENBOROUGH, that whenever a man has not another way he has a right to go over his neighbor's close. *Bullard vs. Harrison*, 4 *M. & S.*, 392.

The right grows out of the transactions between the owners of the respective closes in the alienation of the land, the way being regarded by the law as tacitly granted or reserved, as the case may be, whenever from the nature of the case at the *time of the conveyance*, such a necessity as is above mentioned was created. The way in such case is incident to the grant. *Ponfret vs. Ricroft*, 1 *Saunders*, 323; *Woolrych on Ways*, 20, 21.

The object of the law in attaching such an incident to the grant, and raising an implied right of way to the grantee, is to enable the grantee to pass either from one part of his own ground to another part, or to pass from his own ground to some public highway. But "a person cannot claim a way over another's ground from one part thereof to another." *Greenleaf's Cruise*, *title* XXIV, *sec.* 6; 6 *Mod. R.*, 3.

If the way claimed by plaintiff over defendant's land was neither from one part of his own ground to another part, nor from his ground to a public highway, the rule *ratione cessante, lex ipsa cessat*, applies. If the grantor, Jessop, had no lawful access to his lands, how could he grant what he did not possess?

The access by Jessop to his own lands was a mere privilege or license personal to himself. The land itself enjoyed no benefit derived from the servitude of other adjacent parcels.

Such a right of way, therefore, as incident to the grant is only implied when the grantor's land binds on some

highway which affords to the grantee the opportunity as well as the right to exercise the benefit which would be derived from passing over the grantor's land.

2. But if "a person cannot claim a way over another's ground, from one point thereof to another," the first count of plaintiff's *narr.* will sustain no recovery, because the claim is for a " way from the plaintiff's land over the land of defendant to a private road leading," &c., and the proof is that the private road is wholly on the defendant's land. The second count of the *narr.* for a way "over the land of defendant and then through a private road," &c., is equally incapable of sustaining the action, it endeavors to combine a way arising by necessity, with a way which could only be acquired by prescription or express grant, and there is no proof of either.

3. But again, a right of way can only be used according to the grant, and must not exceed it. Therefore, if a person has a right of way over another's close to a particular place, he cannot justify going beyond that place. *Greenleaf's Cruise, title* XXIV, *sec.* 14 ; *Woolrych on Ways,* 34 ; *McTavish vs. Carroll,* 7 *Md.,* 352 ; *McTavish vs. Carroll,* 17 *Md.,* 1.

Granting for argument sake that the plaintiff had a right of way over defendant's land from the bars in Minnick's enclosure to a point at which was the private road or Feast's lane, near the black-heart cherry tree —what would it avail him, on arriving at that point? how could he pursue his course ?

The claim being for a *private* way, it is necessary to show the *termini,* it must lead to a public highway, or if it leads to a private road or close, it is necessary for the plaintiff to show some interest in it. 2 *Chitty's Pleading,* 808, (*note e,* and cases there cited ;) *Rouse vs. Bardin,* 1 *H. Blackstone,* 355, opinion of WILSON, J.

The old route by Feast lane, is closed, not by defendant but by Presstman, the adjoining owner. To surmount the

difficulty the plaintiff in his amendment claims to proceed "through a private road leading," &c.

This private road cannot be connected with any implied grant of necessity at the time of Minnick's purchase. The road was not then in existence, it has been made by defendant upon new soil, and is independent of the road formerly existing, called Feast's lane.

4. The right of way of necessity, though founded in grant, may be extinguished by facts arising subsequent to the grant. *Holmes vs. Goring*, 2 *Bingham*, 76 ; *McDonald vs. Lindale*, 3 *Rawle*, 492 ; *Collins vs. Prentice*, 15 *Conn.*, 39 ; *Pierce vs. Selleck*, 18 *Conn.*, 321 ; *Smith vs. Higbe*, 12 *Vermont*, 113 ; *New York Life Ins. Co. vs. Milner*, 1 *Barbour Ch.*, 353.

One who has a way of necessity, the precise course of which is not defined, may pass over any part of the land in the course least prejudicial to the owner and reasonably convenient to himself. *Holmes vs. Suly*, 19 *Wendell*, 507; *Russell vs. Jackson*, 2 *Pick.*, 574 ; *Capers vs. Wilson*, 3 *McCord*, 170.

If, when Jessop sold to Minnick, a way of necessity was reserved over the remaining lands, when Feast succeeded to the ownership he stood precisely in Jessop's position, being bound to furnish a way somewhere. By selling to defendant without reservation, he imposed the easement upon the remaining lands and exempted that of defendant, which he had a right to do, the remaining lands furnishing a way reasonably convenient. That the remaining lands of Feast furnished a way reasonably convenient, is proved by the report and action of persons appointed by the County Commissioners of Baltimore County to lay out a road for plaintiff, which they proceeded to do on the dividing line between defendant and Presstman.

· ALVEY, J., delivered the opinion of the Court.

The appellant brought his action in the Court below to recover for the alleged obstruction of what he claims to be his private right of way over the land of the appellee.

There is no question arising on the pleadings that we are required to decide. The questions presented here arise solely on the prayers offered by the appellant, which were rejected, and the instruction of the Court that there was no evidence before the jury upon which they could find a verdict for the plaintiff.

It appears that, in 1847, Charles N. Jessop, being owner of a tract of land, of about 220 acres, conveyed to one John Minnick 15¼ acres, part of such tract; and that the part so conveyed was surrounded by other portions of the land of the grantor, and the lands of one Joshua F. Cockey. The appellant claims under Minnick, and now owns and occupies the land that was conveyed to the latter by Jessop in 1847.

In 1850, Charles N. Jessop sold the residue of the tract of 220 acres to William Jessop, and the latter sold the same soon after to Feast, and, in 1865, Feast sold off a portion to the defendant Hook, and subsequently sold the residue to Presstman.

It also appears, and is indeed conceded, that no part of the land of Charles N. Jessop, nor of that sold to Minnick, bounded upon any public road or highway; but access to the public highway from said land was had by going over private ways through the land of a neighbor. The way claimed by the appellant, as described in his declaration, is a way from the land embraced in the deed to Minnick, "over the land of the defendant, and then through a private road, leading out to the present highway leading from Warren Factory to the York road."

It is contended by the appellant, and at the trial below he offered proof tending to show, that, at the date of the deed to Minnick, the only lawful access to the land con-

veyed was over the contiguous lands of the grantor, "and that at the time of said deed, the grantee Minnick, who had previously been a tenant to Jessop, the grantor, used a way across the contiguous lands of his grantor, which was opened into the grantee's land through a pair of bars, and thence passed across the land of the grantor, with a certain private lane or road, to a certain point, and thence across the lands of Joshua F. Cockey, to the public road, which leads from the York turnpike to the Warren Factory." The appellant also offered evidence tending to show, that at the date of the deed to Minnick this way was distinctly marked by tracks of men and vehicles, and that it continued to be used for the purpose of ingress and egress to and from the land now owned by the appellant, until 1850, when Charles N. Jessop sold the residue of the tract to William Jessop; and also that the appellee, after his purchase in 1865, for his own convenience, changed, in part, the existing way, where it passed over his lands; and then gave evidence to show "that there never was any other lawful road or way to said premises than the one in question, and that said way to and from said premises had been used from the time of the purchase by Minnick by all the successive owners and occupants thereof, until he was obstructed and prevented from using said way over the land of the defendant."

Upon this state of the case, as presented by the appellant, his counsel contend that, inasmuch as the way was in existence and apparent at the time of the making of the deed to Minnick, it passed as incident and appurtenant to the land conveyed, by force and operation of the terms employed in the deed. But we are not of that opinion.

The deed is for a specific piece of land, being parcel of a larger piece held and owned by the grantor, and described by metes and bounds. In such case, in the absence of apt and express terms, no specific way outside the limits of

the land granted, if not properly an existing easement, will pass as appurtenant. The only words in the deed to Minnick that could possibly be relied on to convey the right of way in question are, "all and every the rights, privileges, appurtenances, and advantages to the same belonging, or in any wise appertaining." If there was a way belonging to the estate, as a pre-existing easement, such way would pass by force of these terms, or even without the use of them; but such terms used in a conveyance of part of a tract of land, as in this case, will not create a new easement, nor give a right to use a way which had been used with one part of the land over another part, while both parts belonged to the same owner, and constituted an entire estate. A party cannot have an easement in his own land; as all the uses of an easement are fully comprehended and embraced in his general right of ownership. *Whalley vs. Thompson*, 1 *Bos. & Pul.*, 371; *Gayetty vs. Bethune*, 14 *Mass.*, 49; *Grant vs. Chase*, 17 *Mass.*, 443; *Pheysey vs. Vicary*, 16 *M. & W.*, 483; *Worthington vs. Gimson*, 2 *El. & El.*, 624; and *Thompson vs. Waterlow*, *L. Rep.*, 6 *Eq. Cas.*, 36. If apt and appropriate terms had been used in the deed, such as "with the ways now used," or "used with the land hereby conveyed," they would have passed the right to such ways as had been actually used in connection with the part granted; not, however, as existing easements, but those terms would have operated to create new easements, for the benefit of the estate granted. *Washb. on Eas.*, (3rd Ed.,) 59.

The general principle is, that no right in a way, which has been used during the unity of ownership, will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right *de novo*. *Pearson vs. Spencer*, 1 *B. & S.*, 571.

In *Gale on Easements*, 81, it is said that "upon the severance of an heritage a grant will be implied, first, of

all those continuous and *apparent* easements which have in fact been used by the owner during the unity, and which are necessary for the use of the tenement conveyed, though they have no legal existence as easements; and, secondly, of all those easements without which the enjoyment of the several portions could not be had at all." *McTavish vs. Carroll*, 7 *Md.*, 360.

This is a very just and beneficial principle in those cases to which it is properly applicable, and it has been fully sanctioned in this State; but it would seem to be well settled that it does not apply to the case of an ordinary way, like the one in controversy here, not being at the time an existing easement. *Grant vs. Chase*, 17 *Mass.*, 447-8; *Worthington vs. Gimson*, 2 *Ell. & Ell.*, 626; *Pearson vs. Spencer*, 1 *Best & S.*, 583-4; *Dodd vs. Burchell*, 1 *H. & Colt.*, 113, 120. Hence the case of *Janes vs. Jenkins*, 34 *Md.*, 1, relied on by the appellant, where the right involved was a claim to light and air, cannot be taken as an authority in this case. In that case, the principle just cited from *Gale on Easements*, 81, was given full application; but, as we have said, the authorities do not warrant the extension of that principle to the case of a claim of an ordinary way like the present.

It is true, as contended by the appellant, that where one party deeds to another a parcel of land surrounded by other lands, and there is no access to the land thus conveyed, except over the lands of the grantor, the latter gives the grantee a right of way by implication, over his own land to that conveyed by him. But this way of necessity, is a way of new creation by operation of law, and is only provisional; for it is only brought into existence from the necessities of the estate granted, and continues to exist only so long as there may be a necessity for its use. If, therefore, the grantee acquires a new way to the estate previously reached by the way of necessity, the way of necessity is thereby extinguished. *Pomfret vs. Ricroft*, 1

*Wms. Saund.*, 323, *notes*; *Holmes vs. Goring*, 2 *Bing.*, 76. And where a party has a right of way of necessity over another's land, he may, while the way remains undefined, pass over any part of the land, in the course least prejudicial to the owner, and passable with reasonable convenience. It is the right, however, of the owner of the land to designate the particular course of such way, being bound to designate a convenient course; and if he neglects so to do, the party entitled to the way may select the tract for himself. 2 *Greenl. Ev.*, sec. 658; *Holmes vs. Seeley*, 19 *Wend.*, 507. And a right of way of necessity can only be raised out of the land granted or reserved by the grantor, and never out of the land of a stranger. *Pomfret vs. Ricroft*, 1 *Wms. Saund.*, 223, note 6; 2 *Washb. Law Real Pro.*, 282.

Whether the appellant's claim to the right of way through the land of the appellee can be supported as alleged, either as a way of necessity, or as a way acquired by prescription or user, as he contends it may, conceding all other obstacles to be removed, depends upon the right or interest to which he has shown himself entitled in that portion of the way that leads through the private road over the lands of Joshua F. Cockey to intersect the public highway. The *termini* of the way are material to be proved as alleged; and if the proof stops short of either it is fatal to the right claimed. · *Wright vs. Rattray*, 1 *East*, 377; 2 *Greenl. Ev.*, sec. 659. If, therefore, the appellant has no such interest in the private road through Cockey's land to the public highway as to maintain his right of passage thereover, to which he alleges himself entitled, he has failed to present a case upon which he can recover in this action. To meet this difficulty in the case, it is contended on the part of the appellant, that he is entitled to an easement in this particular way over the land of Cockey, acquired by long and continuous user by himself and those preceding him in the ownership and occupancy of

the land now held by him. But, before referring to the proof, let us see what elements enter into the definition of an easement. *Gale on Easements*, p. 5, says that "an easement may be defined to be a privilege without profit, which the owner of one neighboring tenement hath of another, existing in respect of their several tenements, by which the servient owner is *obliged to suffer or not to do something* on his own land, for the advantage of the dominant owner." Now, taking this definition to be correct, the proof on the part of the appellant utterly fails to show that any such right was ever acquired. In order to establish the right to the way by user, the evidence should show that the use and enjoyment of the way had been continuous and uninterrupted for at least twenty years before the obstruction complained of; and that such user was *adverse*, that is, under a claim of right, with the knowledge and acquiescence of the owner of the land; and the burden of proof is on the party claiming the easement. 2 *Greenl. Ev.*, sec. 539; *Wright vs. Freeman*, 5 *H. & J.*, 477. To say nothing of the defects in the proof to make out, and justify a jury in finding, an adverse user of the way over the land of the appellee, such as to create an easement, there is nothing whatever in the evidence, as reported in the bill of exception, that could have warranted the jury in concluding that an easement had been acquired by the use of the way over the land of Cockey; and hence the Court was well justified in instructing the jury that there was no sufficient evidence before them upon which they could find for the plaintiff. There was literally no evidence whatever of any claim of right to use this part of the way; but, as shown by the evidence, the user has been by sufferance and permission only, which was but a license, revocable at pleasure, and that conferred no right in the way. It simply relieved the appellant from being a trespasser for passing over the road, and nothing more. *Bolch vs. Smith*, 7 *H. & N.*, 736, 745.

We find no error in the ruling of the Court, and therefore affirm the judgment.

*Judgment affirmed.*