———o———

JOHN W. PENNINGTON and MARY E. PENNINGTON, vs. JOHN E. LEWIS.

*Trespass quare clausum fregit—Possession by plaintiff must be shown—*
*Legal title shown by conveyances or by adverse possession—*
*Adverse possession must be exclusive and hostile—*
*Inclosure of land not necessary—Right of*
*way—Prescription—Use for twenty*
*years—License or permission*
*Negatives adverse right—*
*Damages, Nominal.*

1. To recover in an action of *quare clausum fregit* for breaking and entering plaintiff's close, the plaintiff must show that he was in the actual possession of the premises where the trespass is alleged to have been committed, at the time of the trespass. He may show a legal title, either by a chain of paper title, that is, by deeds of conveyance to him and to those under whom he claims, or by an adverse possession. Such adverse possession must be exclusive, hostile to the right of ownership of all others. Inclosure of the land is not necessary to such possession; it may be proved by acts of ownership on the part of plaintiff.

2.  To establish a right of way by presumption, the defendant must show that he and those under whom he claims used the place or way in question continuously and adversely to the rights of the plaintiff, that is, under a claim of right for at least twenty years next before the alleged trespass. If such use was not under a claim of right, but under a license or permission from the owner of the land, a right of way by prescription could not thereby be acquired, since a license negatives adverse right.

*(December 2, 1903.)*

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*John H. Rodney* and *Alexander B. Cooper* for plaintiffs.

*William T. Lynam* and *J. Harvey Whiteman* for defendant.

Superior Court, New Castle County, November Term, 1903.

ACTION OF TRESPASS *quare clausum fregit* (No. 142, November Term, 1899).

The facts appear in the charge of the Court.

LORE, C. J., charging the jury :

Gentlemen of the jury :—This is an action of trespass *quare clausum fregit,* for breaking and entering the plaintiff's close, and using it as an alley or driveway to and from the premises of the defendant.

The plaintiff claims that the defendant on the first day of January, 1897, and on divers other days and times between that day and the commencement of this suit, wrongfully entered the close of the plaintiff, being an alley way between the adjoining properties of the plaintiff and the defendant, situate in the town of Newark in this county.

To recover in this action, the plaintiffs must show to your satisfaction that they were in the actual possession of the premises where the trespass is alleged to have been committed, at the time of the trespass. The burden of showing this rests upon them.

The plaintiffs may show that they have a legal title, either by a chain of paper title, that is, by deeds of conveyance to them and to those under whom they claim, or by an adverse possession. In this case the plaintiffs claim title by adverse possession.

Such adverse possession must be exclusive; hostile to the right of ownership of all others.

Unless the evidence shows that the possession of the plaintiffs at the time of the alleged trespass was adverse and exclusive, they would not be entitled to your verdict.

The defendant claims that he has a paper title running from 1823 to the present time, for the one-half of the said alley now in dispute; that during that time the alley has been open and used in common by the owners and tenants of the adjoining lands of both the plaintiffs and defendant, He also claims that he has the right of way by prescription over the said close.

To establish such right of way by prescription, the defendant must show by the preponderance of proof that he and those under whom he claims used the alley continuously and adversely to the rights of the plaintiff; that is, under a claim of right for at least twenty years next before the alleged trespass.

If such use was not under a claim of right, but under a license or permission from the owner of the land, a right of way by prescription could not thereby be acquired; since a license nagatives adverse right.

Should you be satisfied from the evidence that at the time of the commission of the alleged trespass (if any be proved), the plaintiff was in actual and exclusive possession of the alley in question, your verdict should be for the plaintiff; unless from the preponderance of the evidence you should be satisfied that the defendant has established his alleged prescriptive right to use the same in common with the plaintiffs. Such prescriptive right may be acquired by an adverse and continuous user for over twenty years.

Inclosure of the land is not necessary to such possession, it may be proved by acts of ownership on the part of the plaintiffs.

30

VERDICT.

If your verdict should be for the plaintiffs, it should be for nominal damages only, as no other damages are claimed or proved.

If you should be satisfied from the evidence that there was no such adverse and exclusive possession of the said land by the plaintiffs, at the time of the alleged trespass, your verdict should be for the defendant.

Your verdict should be for the defendant also, if you believe from the evidence that at the time of the alleged trespass he and those under whom he claimed, had used the said alley in common with the owners and occupiers of the plaintiff's land continuously and adversely for at least twenty years.

Verdict for the defendant.