## MARY G. DINNEEN *vs.* THE CORPORATION FOR THE RELIEF OF THE WIDOWS AND CHILDREN OF THE CLERGY OF THE PROTESTANT EPISCOPAL CHURCH OF THE DIOCESE OF MARYLAND ET AL.

*Grant of Land Binding on Centre of Existing Private Road—*
*When Grantee Takes Subject to Easement of*
*Way—Closing the Road.*

The grantee of land described as including one-half of an existing private road, then in open use by other parties, acquires only a fee in the road subject to the easement of way.

When the owner of land which is crossed by a private way of his own, conveys a lot described as extending to the centre of the road, the grantee takes a fee to the centre, and the grantor owns the other half in fee, while the grantee by implication takes a right of way over the half retained by the grantor, subject to a like right in the latter over the half conveyed.

Defendant, the owner of a tract of land, conveyed a portion of it to one F., and there was then made a private roadway leading through the land retained by the grantor to the part conveyed to F. While this roadway was not the only means of access to F.'s tract, it was reasonably necessary for the same, and was an open and visible easement. Afterwards the defendant grantor conveyed to the plaintiff lots of ground described as including one-half of said roadway. Plaintiff built a fence. across one-half of the road as described in his deed, which was removed by the defendant. Upon a bill asking for an injunction to restrain such interference, *held,* that as between the defendant and F. the latter was entitled to an easement in the road, and that the title acquired by the plaintiff was subject to this visible easement, and the plaintiff is

therefore not authorized to close the road, but owns the fee in it subject to the right of way over it possessed by F. and by the abutting owners on the opposite side of the roadway. *Held,* further, that no question of dedication is involved in the case.

*Decided January 11th, 1911.*

Appeal from the Circuit Court of Baltimore City (STOCK-BRIDGE, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, PATTISON and URNER, JJ.

*Henry H. Dinneen,* for the appellant.

*Leigh Bonsal* and *Clarence A. Tucker,* for the appellees.

URNER, J., delivered the opinion of the Court.

The appellant is the owner of certain land in the suburbs of Baltimore City under a deed whose descriptive lines extend along the center of an existing road which was mentioned in the deed and shown on the plat to which it referred. Whether the appellant has the right to close the road, under the circumstances indicated in the record, is the question to be determined on this appeal.

The case originated in a bill in equity, filed by the appellant, to restrain the removal of a fence which she had constructed along the centre of the road. It was alleged in the bill that the complainant, on or about June 10th, 1904, purchased from the defendants two lots of ground in fee described in their deed to her of that date duly exhibited; that the first line of the land so conveyed is located in the centre of a private road leading from the intersection of Holly avenue and Seventeenth street, both of which are public thoroughfares, to an adjoining four-acre tract upon which is

located Mt. Holly Inn; that at the time of the complain-
ant's purchase the adjacent tract was also owned by the
defendants; that her part of the private road is subject to no
easement in the defendant or the public generally; that in
order not to be barred as to her right to the portion of the
road included within the lines of her deed by the provisions
of the Act of 1908, Chapter 583, approved April 8th, 1908,
declaring a conclusive presumption of dedication in reference
to roads situated like the one in question in Baltimore City,
if left open for more than one year after the passage of the
Act, the complainant on April 1st, 1909, "fenced in her por-
tion of said road hereinbefore referred to with a post and
wire fence; secured signs thereon stating that said road was
closed pursuant to law and strung lanterns on said fence at
night to warn drivers and pedestrians of such fact." The
bill further averred that on or about April 6th, 1909, the
defendants removed a portion of the fence and announced
their intention to remove it as often as it might be recon-
structed; and that the acts of the defendants, with the con-
sequent liability to loss of her rights under the Act of 1908,
subject the complainant to irreparable injury for which she
has no adequate remedy at law.

By way of answer and cross-bill the defendants, after cer-
tain admissions and denials, not necessary to be noticed,
alleged that the road referred to in the complainant's deed
and shown on the plat, which is exhibited with the answer,
was laid out in 1901, by the owner of all the property em-
braced in the plat, and has since been freely used by the
patrons and owners of the Mt. Holly Inn, and also by the
owners of all the other property which the plat indicates;
that at the time of the execution and delivery of the com-
plainant's deed the defendants were the owners of all the
land served by the road, except the inn tract, a ninety-nine-
year leasehold estate in which they had previously contracted
to sell and shortly afterwards conveyed to James L. Filon,
taking a mortgage for part of the purchase money; that the

road was then clearly defined, open, macadamized and much used; that the complainant purchased the property described in her deed subject to this known and visible condition and use of the road; that it is in fact a way of necessity for the inn tract, and also for a larger tract to the west belonging to the defendants, and that neither of these tracts have any other available means of entrance or exit. The defendant prayed for a mandatory injunction requiring the plaintiff to remove the obstruction placed by her in the road.

To the cross-bill the plaintiff filed an answer denying its sufficiency to entitle the defendants to the relief prayed. The answer alleges that at the time the plaintiff acquired her title the road in controversy was rough and ill-kept, and had been but recently opened. It denies that it was and is a way of necessity for the inn tract or any other land, because as it avers there is a road, other than the one fenced by the plaintiff, which leads from the Windsor Mill road, a public thoroughfare, to the Mt. Holly Inn, and affords access to all the land shown on the plat; it further denies that the erection of the fence was in violation of any of the rights of the defendants or their grantee Filon, and relies upon the omission of any express reservation to the grantors in the plaintiff's deed of an easement in the part of the road included within its description.

At the time of the filing of the bill of complaint Mr. Filon, the grantee of the Mt. Holly Inn property, was dead, and letters of administration had been granted to his widow, Mary L. Filon by the Orphans' Court of Baltimore City. Subsequently the defendants sold and conveyed to Mrs. Filon the remainder of the land abutting on the road in question, subject to a mortgage for a portion of the purchase price, and as the title to the leasehold estate conveyed to her husband in the inn tract passed to her as administratrix, she was, upon due application, made a party defendant in both her individual and representative capacities. Her answer adopts that of the original defendants, and avers that when

she acquired her property the road in its present location was open, unobstructed and in constant use, and that she and her predecessors in title have from time to time improved the roadway, with the full knowledge of the plaintiff, and have thereby incurred large expense for the resurfacing of the road with crushed stone and for constructing and maintaining a footpath, hedges and fences along the side, all of which was done openly and with the assent of the plaintiff, who is alleged to be estopped from asserting that the road is not dedicated to the public, or from setting up any right or title therein, except that of user.

A preliminary injunction was issued upon the bill when it was filed, but this was dissolved upon motion after the filing of the answer and cross-bill, all rights of the plaintiff being reserved for determination by the final decree. The case was then brought to issue by general replication, and after the hearing upon an agreed statement and evidence offered, a decree was passed by the Court below denying the right of the plaintiff to maintain her fence along the centre of the road; but it appearing that the road as actually used encroached to a slight extent upon the plaintiff's land at two points the decree provided that the plaintiff might, without interference by the defendants, enclose within her fence the portion of the roadway extending beyond its platted limits.

The evidence in the case showed that about a year before the plaintiff obtained her deed she entered into possession of part of the lot it describes under a lease which included an option for the purchase of the whole of the lot, and that Mr. Filon, about the same time, entered into the occupancy of Mt. Holly Inn under a contract of purchase. The plaintiff's lease and option was dated June 1st, 1903, while Mr. Filon's contract bore date May 27th, 1903, but the testimony was conflicting as to whether the latter's possession began and was known to the plaintiff prior to her own entry as lessee upon the adjacent premises. It was shown without contradiction, however, that at the time the plaintiff exercised her

option to purchase and accepted her deed the road now in litigation was an open thoroughfare in constant use by Mr. Filon, the guests of the inn, the plaintiff and the public generally; that the plaintiff gave Mr. Filon the stone from another road which extended across her ground from the inn tract and which she fenced in without objection from anyone; that the stone so given was used in the improvement of the road which is now sought to be closed; and the plaintiff herself co-operated in keeping it in repair.

The plaintiff's case is not in any way predicated on the option to purchase contained in her lease, which is not even referred to in the bill of complaint, but is distinctly made to depend upon the terms and description of her deed. It appears that the option simply conferred the right to buy within the specified time all of lot No. 3, as shown on the plat, already mentioned, and the lines of the latter are so arranged as to apparently exclude the bed of the road in question from the limits of the lot so designated. The sole question is whether the conveyance to the plaintiff by the deed of June 10th, 1904, of a lot of ground described as including half of an indicated and platted roadway, entitles her to close the road by extendnig her fence to its centre line; and this question arises in a case in which the road, at the time of the acquisition of title by the plaintiff, was in actual, visible and continuous use as a way appurtenant to an adjoining property which was then, and had been for a year, in possession of a purchaser under a valid and binding contract.

As between Mr. Filon and his vendors there can be no doubt that an easement in the roadway which furnished access to the inn from the street railway and the public streets of the city passed to him by implication under his purchase of the property. It is well settled that "if during the unity of ownership the owners of two properties use one for the benefit of the other in such manner as would have given rise to the presumption that an easement existed, if the tenements had been held by different persons, then upon a con-

veynace of the property so used an easement will be granted
to .the purchaser, provided the use has been such that the
easement resulting from it would be of the class known as
continuous and apparent, and would be necessary for the
reasonable enjoyment of the property conveyed." *Eliason*
v. *Grove,* 85 Md. 225; *Mitchel* v. *Seipel,* 53 Md. 251; *Janes*
v. *Jenkins,* 34 Md. 1; *Oliver* v. *Hook,* 47 Md. 301; *Bowers*
v. *Gallagher,* 62 Md. 462.   In the case first cited the reason
for the rule was stated to be that ."if at the time of the pur-
chase of property there are visible and apparent easements
and privileges annexed to it, which are necessary for its rea-
sonable enjoyment, we must assume that they were taken
into consideration when the price was agreed upon, and that
the use of them was paid for."   .

The case before us is well within this principle.   The road
in question was not only an open and visible easement, but
it was reasonably necessary as a means of access to the inn,
the other road to which reference has been made having,
according to the testimony, been rendered unfit for travel by
the construction of a railway cut through the property about
the year 1901, in consequence of which the road now in con-
troversy was opened.

It is clear, therefore, that when the plaintiff exercised her
option and received her deed the roadway to which it refers
was subject to an easement equitably vested in a purchaser
in possession of the dominant tenement.

The rights subsequently acquired by the plaintiff must be
held to be subordinate to those which passed under the earlier
sale, as she was fully aware of the possession of the prior
purchaser and hence had constructive notice as to the nature
and extent of his interest.   *Duval* v. *Wilmer,* 88 Md. 66.

The original defendants, when they conveyed Lot No. 3
to the plaintiff, and at the institution of this suit, had not yet
parted with the land abutting on the opposite side of the
road, and lying east of the Mt. Holly Inn tract, and we have
yet to consider the question as to the rights of those defend-

ants, and their successor in title, with respect to the use of the roadway as an easement appurtenant to the last-mentioned premises. The general rule is that when the owner of land intersected by an established private way of his own conveys a lot described as extending to the center of the road, the grantee takes a fee to the centre and the grantor owns the other half in fee, while the grantee, by implication, takes a right of way over the half retained by the grantor subject to a like right in the latter over the half conveyed. *Jones on Easements*, sec. 226. '

This rule is clearly and justly applicable to the present case, and accords to the plaintiff the same and only such rights in the road as those to which the opposite abutting owners are entitled.

It appears from the record that in November, 1904, the original defendant and Mr. Filon entered into an agreement, in writing, providing for the opening of a roadway about fifty feet in width along the course of and including the platted road. The additional ground required was to be taken from the abutting land of the defendants to the south. The agreement in terms was "subject to the right" of the plaintiff under her deed from the defendants. It was argued that this was a recognition of the plaintiff's alleged ownership of the half of the bed of the platted roadway embraced in the deed. We think it is clear, however, that the purpose of this provision was simply to respect the plaintiff's right to the use of the road in common with the opposite abutting proprietors in accordance with the principle we have last stated.

The Act of 1908, Chapter 583, referred to in the bill of complaint, has not entered into our consideration of the case. It was mentioned as the occasion for the plaintiff's effort to close the half of the road in which she claimed exclusive ownership, but the terms of the Act do not affect the matters submitted for our determination.

The view we have taken of the case makes it unnecessary to consider the question whether the principle of dedication is applicable to such a situation as is here presented. The exceptions to testimony filed by the respective parties need not be reviewed, as our conclusions are based upon facts and evidence as to which there is no dispute or objection.

*Decree affirmed, with costs.*