JAMES AUSTIN STUART, ET UX. *v.* MAMIE T. JOHNSON

[No. 10, October Term, 1942.]

*Decided November 18, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, MARBURY, and GRASON, JJ.

*George E. Rullman,* submitted on brief for the appellants.

*Benjamin Michaelson* and *William W. Townshend, Jr.,* submitted on brief for the appellee.

SLOAN, J., delivered the opinion of the Court.

The plaintiffs, James Austin Stuart and Sarah Cross Stuart, his wife, filed a bill against Mamie T. Johnson, defendant, to enjoin the latter, who owned and occupied an adjoining property, from continuing the use of a roadway through property in Anne Arundel County which the plaintiffs had recently purchased. From a decree dismissing the bill, the plaintiffs appeal.

The plaintiffs acquired the property from Katharine Taylor of Philadelphia, Pennsylvania, through her agent, Richard A. Neal, with whom the plaintiffs dealt. It was an eight-acre tract, through a narrow portion of which, 146 feet in length and 7 feet in width, the defendant had been using a roadway described by a surveyor, J. Revell Carr, as a road marked on a plat (not in the record) as an existing used road that leads from Mamie Turner Johnson's house down to the road that runs out to the county road.

The information we get from the record is none too definite as to the location of this road. At the time of the case all of the participants knew the property involved and the alleged easement in question. Even the chancellor had viewed the premises. On appeal, the only source of information open to this court is the

printed record, and our view of the situation depends upon the information thus relayed from the court room to us. The witnesses all seemed to know what the controversy was about; namely, a piece of road 146 feet long, about 7 feet wide, used by the defendant through the land of the plaintiffs.

There was no question of the jurisdiction between law and equity raised below, and, of course, it cannot be raised here. Code, 1939, Art. 5, Sec. 10. There is no disagreement as to the requirements of a title by prescription as defined in *Cox v. Forrest,* 60 Md. 74; *Pepper v. Traeger,* 152 Md. 174, 180, 181, 136 A. 537; *Bonsal v. Baltimore & Ohio R. Co.,* 138 Md. 309, 314, 113 A. 751. The defendant answered, admitting her adverse and hostile use of the road, and asserted that it was a way of necessity; that it was her only way out to the public roads. It is not shown or claimed that plaintiffs and defendant held from or through a common grantor, so that there could not be a way of necessity. *Oliver v. Hook,* 47 Md. 301, 310. The defendant's claim of title to the easement is by over twenty years' adverse, continuous uninterrupted nortorious user. The burden is on the plaintiffs to show that the defendant is a trespasser, but on the latter to show that she has been a continuous trespasser for the prescriptive period at least twenty years. *Oliver v. Hook,* 47 Md. 301, 311; *Hansel v. Collins,* 180 Md. 209, 216, 23 A. 2d 686, 690. The question, therefore, as it was before the chancellor, becomes one of fact.

It is evident that before Major Stuart bought, he had inspected the premises and saw for himself that there was a used way through the property. He inquired of the owner's agent about this road and was assured it didn't mean anything, and that no one had acquired any rights of ownership of a way through the property. The agent, Neal, when the case came to trial, questioned as to the time of the user of the road, was not very definite; his response was that he "never took account of it"—he didn't think it had been twenty years.

The testimony of the defendant was, that she had been born and reared on the land which she now owns and occupies. After the house in which she lived as a child and grown girl had been destroyed by fire, she went to Baltimore, where she was employed. By deed of July 27, 1921, she bought the property and ever since has lived there, rebuilt the home which had been destroyed by fire before she left for Baltimore, and ever since has been using the road through the property now owned by the plaintiffs, the same way to the public road she had been using since her childhood. Other persons who lived in the vicinity of her property used it also. The surveyor, Carr, testified that from "the general conditions there and other roads," he had seen, "it could have been there eighteen to twenty years." The defendant was corroborated by neighbors, who had used the road.

The effort of the plaintiffs appears to have been that the natural and logical acts as to the defendant's property is through a school lot, which she now owns, adjoining plaintiff's property on the south. The school building was destroyed by fire in 1929, and the road which gave access to it from the public road could be used to reach the properties over the hill in the rear, one of which is the defendant's. The road evidently was used only as access to the school as, since its abandonment as a school, it had become impassable. The issue is not whether the defendant has another way out of her property, but whether she has used the way here complained of for the prescriptive period of twenty years. *Tiffany on Real Property*, 2d Ed., Sec. 525; *Cox v. Forrest*, 60 Md. 74.

The defendant had used this way to the public road in her childhood and young womanhood. She went to Baltimore, and after a few years she bought the property, and resumed the use of the road to which she had been accustomed, and without interference of the owners of the property, who are now the plaintiffs. It seems to us that the case of *Cox v. Forrest*, 60 Md. 74, 80, is

the answer, where it is said, the law does not "mean by 'an uninterrupted and continuous enjoyment,' that a person shall use the way every day for twenty years, but simply that he exercises the right more or less frequently, according to the nature of the use to which its enjoyment may be applied, and without objection on the part of the owner of the land, and under such circumstances as excludes the presumption of a voluntary abandonment on the part of the person claiming it." *Tiffany on Real Property*, 2d Ed., Sec. 525.

In the opinion of this court, the defendant has sustained the burden of proving that she had a title by prescription to the right of way she claims through the plaintiff's property, and the decree appealed from should be affirmed.

*Decree affirmed, with costs.*