WILLARD HUGHES and ELIZABETH HUGHES, his wife, and HERMAN LONGFELLOW and MABEL V. LONGFELLOW, his wife,

*vs.*

JOHN ABBOTT.

*Kent, February 5, 1952*

*David P. Buckson,* for plaintiffs.

*James H. Hughes, III,* for defendant.

BRAMHALL, Vice Chancellor: Plaintiffs are the owners of a tract of land adjoining the farm of the defendant in Mispillion Hundred, Kent County, Delaware. This action was brought to·enjoin the defendant from maintaining a fence across a right-of-way which plaintiffs claim the right to use, plaintiffs alleging a continuous, uninterrupted and adverse use thereof for a period of more than forty years. Defendant denies that plaintiffs have any right-of-way by prescription across his farm, averring that plaintiffs are trespassers.

On behalf of the plaintiff, Willard Hughes, one of the plaintiffs, testified that he had been using the right-of-way across defendant's farm since January, 1949. The witness further testified that he had used the right-of-way at various times since 1938, while in the employ of one Harry Greenberg. The witness Greenberg testified that he had had possession of a part of this farm since 1927 or 1928, when he rented a hog lot from a man named Wyatt, and some time later, when he rented a part of the farm from a man named Pearson. He testified that he later purchased the farm. Other witnesses were called on behalf of the plaintiffs, who testified that there was a path across this property.

On behalf of the defendant the witness Joseph W. Ward testified that he was the owner and occupant of the farm of defendant from 1913 until 1943 and that he tilled the farm until a few years before the Sheriff's sale. He further stated that on different occasions he plowed up and planted the field on which the alleged right-of-way is located and planted crops thereon, including the right-of-way. He also stated that, although the right-of-way was at times used by adjoining farmers when he did not have crops planted there, it was not otherwise used. His testimony was corroborated by the testimony of his son.

The witness Lockwood Hopkins testified that he purchased the farm of plaintiffs sometime before 1930 and that he lived on the farm for one year. He stated that at times

the field upon which the right-of-way was located was occasionally used in winter, when no crops were planted thereon, but not otherwise. He also denied that any part of the farm had been rented to the witness Greenberg, although he admitted that Greenberg may have sub-leased a portion thereof from a tenant or tenants. His testimony as to the use of the farm was corroborated by other witnesses.

In order for the plaintiffs to establish their legal right by prescription to the use and enjoyment of the right-of-way over defendant's land, they must show a continuous, uninterrupted and adverse use thereof, by them or those in privity with them, for a period of more than twenty years. There must be no substantial interruption of the continuity of possession and enjoyment. See *Johnson v. Stayton,* 5 *Harr.* 448; *Pennington v. Lewis,* 4 *Pennewill* 447, 56 *A.* 378; *Baynard v. Every Evening Printing Co.,* 9 *Del.Ch.* 127, 77 *A.* 885; *Marta v. Trincia,* 26 *Del.Ch.* 94, 22 *A.* 2d 519. However, in order for the use of the right-of-way to be continuous, it was not necessary that plaintiffs use it constantly; they needed only to use it as their needs might require, although they must have used it at such frequent intervals as to give notice to the owner of servient tenement that such a right was being claimed. *Stuart v. Johnson,* 181 *Md.* 145, 28 *A.2d* 837; *Jean v. Arseneault,* 85 *N.H.* 72, 153 *A.* 819.

Plaintiffs' case depends upon the testimony of the witness Harry Greenberg. There is no other testimony in the case which will bring plaintiffs' claim within the period of time required in order to raise a presumption of a grant of the right-of-way. Greenberg testified that he used the right-of-way in 1927 or 1928, when he rented a hog lot from a man named Wyatt. He testified that later he rented a lot on the farm of the plaintiffs from a man named Pearson. Neither of these parties appear in the chain of title for plaintiffs' property as record owners thereof. Presumably they must have been tenants of whoever owned the property at the time. There is no evidence that the right-of-way was included in any lease which he may have had. Greenberg was

therefore, at most, only a tenant. Any rights which he may have claimed for himself, would not avail these plaintiffs in this suit, since he himself is not in privity with the plaintiffs. *Deregibus v. Silberman Furniture Co.*, 121 *Conn.* 633, 186 *A.* 553, 105 *A.L.R.* 1183.

Greenberg's testimony was hazy as to particular facts and dates. He testified that he purchased the farm of the plaintiffs in 1935 from one Solomon Hopkins, stating that he saw Hopkins execute the deed. On crossexamination he stated that it might have been in 1936 or 1937. The deed record shows that this property was conveyed in 1940 from Lockwood Hopkins, Nellie M. Hopkins and Mildred E. Hopkins to Rose Greenberg, wife of the witness. Greenberg admitted that at the time he rented a lot on this farm from one Wyatt, he did not know the name of the owner. He further admitted that he did not keep hogs on the farm every year. Although he testified that he had been using the way for more than twenty years, the evidence shows that he conveyed the farm to one Gilbert Burris and his wife on August 22, 1946, taking a mortgage against the farm in part payment. Greenberg foreclosed this mortgage and on March 7, 1949, purchased the farm at Sheriff's sale. The record is silent as to any use of the way by Greenberg, or by anyone in privity with the plaintiffs, during that period.

Greenberg's testimony with reference to the use of the way was contradicted by several witnesses called by the defendant and by one of plaintiffs' own witnesses. The force of the testimony of these witnesses was to the effect that Greenberg was not a constant possessor of any part of the plaintiffs' farm for considerable periods of time from 1927 to 1948 and that during this time, when Greenberg was not in possession, he did not use the way; that the way was used at times during the winter months by neighboring farmers, but that it was not used when crops were planted in the field; that, at least on several occasions, the field on which the way was located, including the way itself, was tilled by the tenants.

In order to establish their contention, plaintiffs must show by clear and convincing proof every element necessary to establish their right to the use of the way. Taking the testimony of Greenberg at its best it does not meet with this requirement. I am unable therefore to accept this testimony as proving plaintiffs' contentions. Without this testimony plaintiffs' claim is not brought within the required period of twenty years and therefore must fail.

I conclude that plaintiffs have not established by clear and convincing proof their right to the way over defendant's land. The plaintiffs' action will be dismissed.

A decree accordingly will be entered on notice.