Ruffin, C. J.
 

 The deed to Tucker Spencer is silent as to the easement which is the subject oí this suit. Moreover, the case states nothing respecting the enjoyment of the easement by either the defendant’s father or himself. So there is no ground for presuming any grant for it, other than that appearing upon the face of the deed from Edward, 'the father, toffhe plaintiff. After conveying the land, that deed frSsThis clause:
 
 “
 
 ¿Tprivilege of two leading ditches to Tucker Spencer-excepted.” 'The question is, whether that gives the right to the defendant to use those ditches. It is morally certain, that it was expected that the water from the upper tract of land would, and intended, that it should, be always drained by the ditches through the lower one;' and it is probable that the deeds, though bearing the dates of succeeding days, were both executed together, and were designed by the father as one instrument, settling different parts of his land on his two sons, as a family arrangement. But at present we can take notice of nothing of that kind, but must look to the terms of the instrument; and weave sorry to be obliged to say, that they do nót sustain the defendant’s claim. Without stopping to consider whether the provision quoted can be regarded as a condition merely, it may be admitte'd most strongly against the plaintiff that the words amount to a grant to Tucker Spencer, the defendant’s father. Still there is nothing to annex the grant to the upper tract of land, and transmit it with the land to anassignee. Indeed, the deed to Tucker Spencer was not made until the' day after, as is to be inferred
 
 prima facie
 
 from the dates of
 
 *98
 
 deeds. the deeds.The grant was, therefore, personal to Tucker Spencer and the right to the easement expired, at all events, with his life, and did not come to his son and heir, the defendant.
 

 Per Curiam. Judgment affirmed.