ELLEN B. DOTEN *vs.* CARROLL E. BARTLETT.

Androscoggin.    Opinion December 7, 1910.

*Easements.   Ways of Necessity.   Estoppel.   Estopped by Deed.*

The basis of a right of way of necessity is the presumption of a grant arising from the circumstances of the case, which is a presumption of fact, and necessity does not, of itself, create a right of way, but is evidence of the grantor's intent to convey one, which intent depends upon the terms of the deed and the facts in the case.

Where a deed of a tract of land not itself abutting on a highway expressly bounded the premises conveyed on the north by land owned by the grantees, which land on the north extended to a highway, so that the grantees would have access thereto from their newly purchased lot over their own land, and the necessity of passing over the grantor's land could not arise, the parties to the deed will not be deemed to have intended that the grantees should have a right of way of necessity by implication over the remaining tract belonging to the grantor, which lay between the tracts conveyed and the highway to the west.

The grantees having accepted the deed to the tract reciting their ownership of the land abutting it on the north, and having executed a mortgage on the premises to the grantor, containing a like recital, they are estopped to deny the truth of such recital, so as to claim a right of way of necessity over the grantor's land, it being precise, unambiguous, and relating to a material fact, especially where the title to the grantor's lot has come to an innocent purchaser, who by examination of the record could not have notice of an implied grant of a right of way over his land, but relying on the recitals could have reached only the opposite conclusion.

On report.    Judgment for plaintiff.

Action of trespass quare clausum fregit.    Plea, the general issue. At the conclusion of the evidence, the case was reported to the Law Court "to pass on the law and the facts and to assess the damages, if any, and especially to determine: 1.    Whether the defendant has a right of way from the Lisbon road across the Doten field to the spring on his land.    2.    Whether the defendant has been guilty of a technical trespass."

The case is stated in the opinion.

*Newell & Skelton,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

352 [107

Sitting: Emery, C. J., Savage, Peabody, Spear, Cornish, King, JJ.

Cornish, J. The rights of the parties in this case depend upon the construction to be placed upon a deed from Amos D. Crowley to Arthur F. and Carroll E. Bartlett, dated May 11, 1903. This deed conveyed a rear lot, the grantor still retaining the front lot adjoining the Lisbon road. The plaintiff has succeeded to the title of Amos D. Crowley in the front lot and the defendant is now the sole owner of the lot in the rear. The defendant claims the right to cross the plaintiff's lot to reach the highway, under a right of way of necessity. The plaintiff denies this right and has brought this action of trespass to test the question.

The following diagram will aid in a clear understanding of the locus.

The history of the title so far as it is material to the issue is this : All the premises delineated on this plan were at one time owned by Amos D. Crowley, who on July 17, 1880, conveyed the north parcel marked "Benson or Glidden farm" to George H. Jordan. This land, as was the remaining land of Crowley, was bisected by No Name Pond Stream, and as there was then no bridge across this stream on this land conveyed, Crowley in this deed expressly granted to Jordan "the right to cross and recross on the bridge used by me across No Name Pond Stream in order that the said Jordan may get to land above conveyed that lies on the easterly side of said stream." The Crowley bridge was the south bridge marked on the plan. April 12, 1895, Emma F. Benson, the mother of Arthur F. and Carroll E. Bartlett, obtained title to the foregoing premises including the right of way over the Crowley or south bridge, and conveyed the same to one Glidden in August, 1909, reserving a narrow strip adjoining the Maine Central Railroad.

On May 11, 1903, eight years after Mrs. Benson had purchased the land on the north, Amos D. Crowley conveyed to the two sons, Arthur F. and Carroll E. Bartlett, the rear lot, marked "Bartlett field" on the plan, and the same was mortgaged back to Crowley as security for part payment of the purchase price. In this deed, which was accepted by the Bartletts, the northern boundary was given as follows: "Beginning on the easterly bank of No Name Pond Brook, so called, at the end of the fence dividing land of this grantor from land now owned by these grantees; thence running easterly along the lines of said fence to land of Maine Central Railroad Co.," etc. In the mortgage, which was executed by the Bartletts, the same boundary is given as follows: " Beginning on the easterly bank of No Name Pond Brook so called, at the end of the fence dividing land this day purchased of this grantee from land north of the same owned by these grantors, thence running easterly along the line of said fence," etc. As a matter of fact the title to the land on the north was not in the Bartletts but was still in their mother Mrs. Benson, who had moved to Lewiston leaving the sons in full occupation, and they continued to occupy the place until it was sold to Glidden in August, 1909. It also appears that prior

to this Bartlett deed, the north bridge had been built by them across the stream, connecting the rear and front lots of the Benson property, and that when the Bartlett deed was given the field conveyed was inaccessible except over lands of other parties.

The precise question involved is whether under the facts in this case the defendant as the now sole owner of the Bartlett field has a right of way of necessity over the intervening land of the original grantor Crowley, now owned by the plaintiff, in order to reach the highway. The defendant strenuously claims such a right, the plaintiff as strenuously denies it.

1.    The basis of a right of way of necessity is the presumption of a grant arising from the circumstances of the case.    Necessity does not of itself create a right of way but it is evidence of the grantor's intention to convey one.    "Necessity is only a circumstance resorted to for the purpose of showing the intention of the parties and raising an implication of a grant.    And the deed of the grantor as much creates the way of necessity as it does the way by grant, the only difference between the two is that the one is granted in express words and the other only by implication." *Nichols* v. *Luce*, 24 Pick. 102.    As this court said in *Whitehouse* v. *Cummings*, 83 Maine, 91.    "This species of right of way, in the absence of anything to the contrary contained in the deed, becomes an incident to the grant indicative of the intention of the parties."

The presumption, however, is one of fact and whether or not the grant is to be implied in a given case depends upon the terms of the deed and the facts in that case.    To illustrate ; if property in land has been severed by voluntary deed or statutory conveyance and one portion is inaccessible except by passing over the other, or by trespassing on the lands of a stranger, and there is nothing in the deed indicating a contrary intention, a grant of a right of way of necessity is presumed between the parties, for it is not to be presumed that the parties intended the grantee to have no beneficial enjoyment of the estate.    But we can conceive of a case where the owner of the front lot would be willing to convey the rear lot provided there should be no right of way over the front lot and the grantee would

be willing to take his chances of procuring an outlet over some other adjoining land. Under such circumstances the deed might convey the rear lot and distinctly recite that there was granted no right of way of necessity or otherwise over the front lot. There can be no doubt that in such a deed there would be no implied grant, and the grantee would acquire simply what he had purchased, the lot without the way.

The question then resolves itself into a construction of this deed, viewed in the light of the surrounding circumstances, on which side of the line does it fall? Did the parties intend that a right of way be granted or not? Clearly not. The deed expressly bounds the premises conveyed, on the north by land owned by the grantees. That northern land extended to the highway. Therefore the grantees could have access to the highway from their newly purchased lot over their own land and the necessity of passing over the land of the plaintiff could not arise, *Leonard* v. *Leonard*, 2 Allen, 543; For it must be necessity and not convenience, that furnishes a basis for the implication. *Warren* v. *Blake*, 54 Maine, 276; *Stevens* v. *Orr*, 69 Maine, 323; *Kingsley* v. *Land Improvement Co.*, 86 Maine, 279; *Hildreth* v. *Googins*, 91 Maine, 229.

2. The defendant, however, contends that this recital of ownership in the adjoining land was untrue, and that as a matter of fact the grantees had no right over any of the land surrounding the lot purchased unless it be a way of necessity over the grantor's land, and therefore the implication of such a grant should stand, notwithstanding the recital in the deed.

But the law will not permit the defendant to maintain this claim. He is estopped by the recitals in the deed which he accepted and under which he claims and in the mortgage which he himself executed and gave to the grantor. "Estoppel by deed is a bar which precludes a party to a deed and his privies from asserting as against the other and his privies any right or title in derogation of the deed or from denying the truth of any material fact asserted in it." 16 Cyc. 685. To work such estoppel the recital must be precise, clear and unambiguous and must relate to a material fact. *Claflin* v. *Railroad Co.*, 157 Mass. 489. Where these requirements are met

the law will not permit one, who has in a solemn manner admitted a matter to be true, to allege it to be false.    *Campbell* v. *Knight*, 24 Maine, 332.

The Bartletts admitted by the recitals in the deed and mortgage that they were owners of the adjoining lot.    So far as they and all persons claiming under them are concerned, that statement must stand as an uncontrovertible fact, and whatever rights legitimately arise on such admitted facts may be at all times asserted.    This recital of ownership overcame the presumption of a right of way of necessity and left the grantor Crowley in possession of the remainder of the lot free from such easement.    He may well have relied upon it and understood that no such easement would or could ever be claimed.    And the evidence in this case strengthens this view because the defendant admitted in the presence of several witnesses that when his brother and himself purchased the property, Crowley supposed that they "owned the other place."    This supposition on his part they did not attempt to correct but on the other hand deliberately confirmed it by the statements in the deed and mortgage.    It is too late for the defendant now to deny the truth of those recitals especially when the title to the Crowley lot has come to the plaintiff, an innocent purchaser, who by examination of the records could have had no notice of such an implied grant but relying on the recitals could have reached only the opposite conclusion.

*Judgment for the plaintiff for one dollar damages and costs.*