## ZACHARIAH R. DUVALL

### *vs.*

## CHARLES D. RIDOUT.

*Rights of way: not of necessity; do not pass by implication; easements; sale of part of tract. Evidence: admitted without objection; effect of—. .Roads: wrongful maintenance and use over another's land; injunction.*

A party has no easement in his own land; all the uses of an easement are fully comprehended and embraced in the general right of ownership. pp.195-196

In general, no right in a way which has been used during unity of ownership will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right *de novo*. p. 196

A portion of a tract of land was sold, partly bordering on a public road, to which it had access by a road wholly within the area sold; a more convenient way to a public road was an ordinary uninclosed and unimproved way, over the balance of the property, and through another farm; this was the road that had generally been used by the owners of .the whole tract; the conveyance of the tract sold was with "all and every the rights,, alleys, ways, waters, privileges, appurtenances and advantages; to the same belonging or in any wise appertaining": *Held,* that such latter road was not a way of necessity, and the right to use it did not pass by the conveyance. pp. 197-199

Evidence that is admitted without objection may be given effect as competent proof. p. 198

The wrongful use and maintenance of a road over the land of another, is such an appropriation of such land, and such an injury to it, as to warrant relief in equity by an injunction.
p. 199

*Decided October 28th, 1914.*

Appeal from the Circuit Court for Anne Arundel County. In Equity. (BRASHEARS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Robert Moss,* for the appellant.

*James W. Owens,* for the appellee.

URNER, J., delivered the opinion of the Court.

By the decree from which this appeal is taken the appellant was perpetually enjoined from using a certain roadway extending from his farm through the adjoining property of the appellee to the public highway. It is alleged in the bill of complaint and shown by the proof that the contiguous lands of the parties to the suit formerly composed a single farm of about one hundred and twenty-seven acres under the ownership of the appellee and his brother as tenants in common. On December 28th, 1909, they conveyed to the appellant eighty-one acres of the land including the portion on which the farm buildings are located. The appellee has since become the owner of the entire title to the remaining forty-six acres by grant from his co-tenant. At the time of the appellant's purchase there was a well-defined but unimproved driveway leading to the public road, from the dwelling and barn on the premises conveyed, over the land reserved by the grantors. This had been used as the customary way of travel to and from the farm buildings for many years. It was not, however, the only available outlet, as the land sold to the appellant bordered on a public thoroughfare and contained within its own area a road leading from the buildings to the highway. The last mentioned private way, by reason of its grade and location, was much less serviceable and convenient than the one extending through the property retained by the appellee and his co-owner.

The deed to the appellant conveyed to him the eighty-one acres mentioned, together with "all and every the rights,

alleys, ways, waters, privileges, appurtenances and advantages to the same belonging or in anywise appertaining." It is the appellant's theory that under this clause of the grant he acquired an easement in the roadway over the land reserved. For several years after his purchase of the part of the farm described in his deed he used the way through the remaining portion without objection. But it appears from the evidence that in October, 1913, the appellee erected wire fencing across the roadway, and the appellant having removed it under a claim of right to the continued and permanent use of the way as appurtenant to his property, the present litigation has resulted.

In the case of *Oliver* v. *Hook,* 47 Md. 307, where the question we have now to decide was considered upon facts analogous to those shown by the record before us, it was contended that inasmuch as the way in controversy was existing and apparent at the time of the execution of the deed under which the right to its use was claimed, it passed under the grant as incident and appurtenant to the land conveyed. In discussing this theory the Court, in the opinion delivered by Judge Alvey, said: "The deed is for a specific piece of land, being parcel of a larger piece held and owned by the grantor, and described by metes and bounds. In such case, in the absence of apt and express terms, no specific way outside the limits of the land granted, if not properly an existing easement, will pass as appurtenant. The only words in the deed that could possibly be relied on to convey the right of way in question are: 'all and every the rights, privileges, appurtenances and advantages to the same belonging, or in anywise appertaining.' If there was a way belonging to the estate, as a pre-existing easement, such way would pass by force of these terms, or even without the use of them; but such terms used in a conveyance of part of a tract of land as in this case, will not create a new easement, nor give a right to use a way which had been used with one part of the land over another part, while both parts belonged to the same owner, and constituted an entire estate. A party cannot have an easement in his own land; as all the uses of

an easement are fully comprehended and embraced in his general right of ownership. * * * The general principle is that no right in a way which has been used during the unity of ownership will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right *de novo.*" After stating the doctrine, as quoted from *Gale on Easements,* 81, that "upon the severance of an heritage a grant will be implied of all those continuous and *apparent* easements which have in fact been used by the owner during the unity, and which are necessary for the use of the tenement conveyed, though they have no legal existence as easements," the opinion proceeds: "This is a very just and beneficial principle in those cases to which it is properly applicable, and it has been fully sanctioned in this State: but it would seem to be well settled that it does not apply to the case of an ordinary way, like the one in controversy here, not being at the time an existing easement. *Grant* v. *Chase,* 17 Mass. 447-8; *Worthington* v. *Gimson,* 2 Ell. & Ell. 626; *Pearson* v. *Spencer,* 1 Best & S., 583-4; *Dodd* v. *Burchell,* 1 H. & Colt., 113, 120."

In *Mitchell* v. *Seipel,* 53 Md. 273, where the distinction between *grants* and *reservations* of easements by implication was considered and stated, the case of *Oliver* v. *Hook, supra,* was cited as holding "upon abundant authority" that "the doctrine of implied grants had no application to the case of an ordinary, open and unenclosed *way,* not being at the time of the grant an existing easement."

It was observed by JUDGE BOYD, in the case of *Eliason* v. *Grove,* 85 Md. 227, that "there are a number of cases which hold that ways may be so improved and well defined as to bring them within the class of easements, or *quasi* easements, known as continuous and apparent, and hence pass by implied grants." The Court in that case was dealing with a claim to the benefit of the principle stated with respect to the use of a well, located immediately adjacent to the dividing line between the premises of the plaintiff and defendant, and which, during the unity of a preceding ownership, had been used in common by the occupants of both properties,

access to the well, from the lot subsequently conveyed to the plaintiff, being afforded through a doorway maintained for that purpose in the division wall, from which the pump was only a few feet distant. There was held to be evidence tending to place the use of the well in the class of continuous and apparent easements and to show that it was necessary for the reasonable enjoyment of the property for whose benefit it was claimed; and because the issue had been withdrawn from the jury by the lower Court the judgment in favor of the defendant was reversed and a new trial awarded.

Another instance in which the principle just referred to was found to be applicable is the case of *Burns* v. *Gallagher,* 62 Md. 462, where it was invoked in reference to an alley, fenced on both sides and located in the rear of the plaintiff's lot in Baltimore, and which furnished the only means of access to the back yard of the premises, except through the front door of the building by which the lot was improved.

In the case of *Janes* v. *Jenkins,* 34 Md. 1, which was concerned with a claim, under implied grant, to the maintenance without obstruction of windows overlooking the adjacent ground of the grantor, the right to the easement was sustained, but this decision was declared in *Oliver* v. *Hook, supra,* not to be authority for the extension of the principle to the case of an ordinary way like the one there in dispute.

In the present case the roadway in question was undoubtedly the most convenient means of ingress and egress to and from the appellant's farm, but it cannot be said to be necessary for the beneficial use of the property. It was an ordinary uninclosed and unimproved way over intervening land to a farm which has another available outlet to the public highway. · The conditions here shown are hardly comparable with the exigencies which existed in the cases of *Eliason* v. *Grove* and *Burns* v. *Gallagher, supra,* and are certainly not more urgent than those which in *Oliver* v. *Hook, supra,* were held not to admit of the application of the principle now invoked.

If, in a case like the present, it is the purpose and agreement of the parties that such a way as the one in question

shall pass as appurtenant to the land conveyed, such an in-
tention may be expressed very readily and simply in the
deed, as suggested in the opinion in *Oliver* v. *Hook,* by the
use of such terms as "with the ways now used," or "with the
ways used with the land hereby conveyed," thus creating new
easements for the benefit of the estate granted, as contem-
plated by the rule to which we have referred.

Both the appellant and the appellee have testified to con-
versations between them prior to the conveyance in regard to
their understanding upon the question as to whether the
road now in controversy was intended to be included in the
purchase.    This testimony, having been offered without ob-
jection from either side, is entitled to be given the effect of
competent proof, and we have no occasion, therefore, to ex-
press an opinion as to its admissibility. *Sentman* v. *Gamble,*
69 Md. 293.   According to the depositions of the appellee
and his co-grantor it was distinctly stated and understood
in the interviews preceding the execution of the deed that it
was not to convey a right to the use of the roadway through
the reserved land, but that the grantee would be permitted
to use it while the farm was in his personal occupancy.   The
appellant's testimony is directly to the contrary and asserts
in effect an understanding that he should be entitled with-
out restriction to the use of the road.   His deed, however,
does not contain the terms necessary to confer such a right,
and his statement as to a verbal assurance on the subject
could not properly be accepted as conclusive in view of the
explicit denial made by the other two parties to the trans-
action.   It is to be further remarked that as the appellant
is insisting upon an absolute right to the continued and per-
petual use of the roadway, as an incident of the grant and
as appurtenant to his property, he is, of course, not claiming,
and could not be given, the benefit of the alleged agreement,
which he disputes and disavows, that he should have a per-
missive user of the way during his individual possession of
the land conveyed.

In the argument on behalf of the appellant it was contended that the appellee has an adequate remedy at law for any invasion of his property rights occasioned by the appellant's use of the road, and that such use, if wrongful, is a mere trespass which results in no injury sufficiently serious to justify the granting of relief by injunction.

The maintenance of the driveway in question amounts to an appropriation to that extent of the appellee's land for the benefit of the adjacent property of the appellant. So long as the way is in existence the ground it occupies is withdrawn from cultivation and all the other ordinary uses to which it is susceptible. The road creates a division of the tract which may interfere materially with the owner's plans for its use or development. It does not appear to be needed or desired for the purposes of the property through which it passes. Its use by the appellant, therefore, does not simply impose an additional burden upon a private way which in any event be maintained by the appellee for his own convenience, but it appropriates a part of his ground for a road which would not otherwise exist. In our opinion the continuing occupation and use of the appellee's land to the extent and for the purposes thus indicated is such an injury to his property rights as a Court of Equity may properly restrain and prevent.

As stated by JUDGE BURKE in *Chesapeake Co.* v. *Mt. Vernon Co.*, 107 Md. 532: "The decisions in this State are uniform, that while an injunction will not lie to restrain a mere trespass, it will lie when the injury is destructive of the estate, as it has been held and enjoyed, or where full and adequate relief cannot be granted at law, or where it is necessary to prevent a multiplicity of suits." Among the other cases in which this principle has been recognized are: *Long* v. *Ragan*, 94 Md. 464; *Schaidt* v. *Blaul*, 66 Md. 147; *Baltimore Belt R. R. Co.* v. *Lee*, 75 Md. 600; *Oberheim* v. *Reeside*, 116 Md. 275; *Douglass* v. *Riggin*, 123 Md. 23. The rule thus defined and supported clearly embraces in its scope and purpose the case presented by this record.

*Decree affirmed, with costs.*