# CHARLES SAHM

## *vs.*

## REALTY AND INSURANCE EXCHANGE.

*Trial—Evidence Not Objected to—Assignment of Contract—*
*Failure of Title.*

Where no objection is made to the admissibility of testimony,
it has the effect of competent proof for the purposes of the trial.
p. 654

In an action to recover the amount of a check given by plain-
tiff as consideration for the assignment of defendant's interest as
vendee in a contract for the sale of realty, which was not con-
summated owing to a defect in the vendor's title, *held* that, in
view of oral testimony that defendant agreed to return the
amount of the check in case of failure of title, and of a notation
on the check that it was to be used only at the time of convey-
ance of the property, plaintiff's right of recovery was a question
for the jury.                                             p. 655

*Decided June 27th, 1921.*

Appeal from the Superior Court of Baltimore City
(DUFFY, J.).

Action by the Realty and Insurance Exchange, a body cor-
porate, against Charles Sahm. From a judgment for plain-
tiff defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE,
THOMAS, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Simon Silverberg* and *Walter V. Harrison,* for the appel-
lant.

*Charles M. Balder,* for the appellee.

URNER, J., delivered the opinion of the court.

By a contract in writing the appellant agreed to purchase certain real estate in the City of Baltimore for the sum of $4,050, subject to a ground rent which was described as redeemable. Prior to the date appointed for compliance with the terms of sale, the appellant executed an assignment of all his "right, title and interest" in the contract to the appellee. The assignment was endorsed on the contract and recited that it was made for value received. The actual consideration for the transfer was $350, which was paid by a check drawn by the appellee, on which there was a notation that it was to be used only at the time of the conveyance of the property. An examination of the title having disclosed that the ground rent to which the contract of sale referred was irredeemable, and that the title was, therefore, not such as the purchaser had a right to demand, the transaction could not be consummated. The return of the amount paid by the appellee's check to the appellant, which in the meantime had been cashed, was then requested and refused. The present action ensued, and the trial before the court below, sitting as a jury, resulted in a verdict and judgment in the appellee's favor for $365.75, being the amount of its payment with interest. Only one exception was taken at the trial, and that was to the refusal of the court to rule that the appellee was not entitled to recover.

The defense in the case is that the appellant merely assigned his interest in the contract of sale to the appellee, and that as the assignment contained no warranty of the title to the property mentioned in the contract, the assignor's right to retain the sum paid him for the transfer is not affected by the inability of the owner of the property to convey such a title as the contract describes. But there was testimony on behalf of the appellee that when the assignment was executed the appellant agreed to return the amount paid him if the title was not as specified in the contract of sale. No objection was made to the admissibility of this testimony, and it consequently had the effect of competent proof for the pur-

poses of the trial. *Sentman* v. *Gamble,* 69 Md. 293; *Duvall* v. *Ridout,* 124 Md. 198. Moreover, the notation on the check which was drawn by the appellee and accepted by the appellant at the time of the assignment, and which forms part of the written evidence of their agreement, tends to support the appellee's contention that the appellant's right to the deposit thus made was dependent upon the conveyance of the property described in the assigned contract. Whether the parol evidence might not, even if objected to, have been admissible on the theory that it related to an independent agreement not inconsistent with the terms of the assignment, is a question which it is not necessary to decide, as it is not the subject of any ruling to be reviewed. There was conflict in the testimony, but it was in the province of the trial court, sitting as a jury, to weigh the evidence and determine the issue of fact. It is clear that there was legally sufficient evidence in the case to support the verdict.

*Judgment affirmed, with costs.*