# NATHAN FELDMAN

*vs.*

# MERCHANTS AND MINERS TRANSPORTATION COMPANY.

*Carriers—Non-Delivery of Goods—Action for Damages—Sufficiency of Evidence—Stenographer's Notes—Certificate of Judge.*

Where objection was made to the admission of a document as evidence for a certain purpose, but it was admitted as evidence for another purpose, to which the objection did not apply, the document must to that extent be given the effect of competent proof.                                                p. 211

In an action against a carrier on account of the non-delivery to plaintiff of a bale of woolens, the package to which the consignor's invoice referred having been identified, by its shipment number, as one of the bales of woolens received by defendant for transportation to Baltimore, for plaintiff as consignee, the value of the package having been proved, and there being testimony as to its non-delivery, the case should not have been withdrawn from the jury merely because of the lack of evidence as to the
                                                pp. 211, 212

The inadvertent omission of the court stenographer to note an objection to evidence and the ruling thereon cannot prevent the court from certifying to the facts in this connection, in order that the case may be correctly presented on appeal.       p. 212

*Decided December 4th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

Action by Nathan Feldman, trading as N. Feldman & Company, against the Merchants & Miners Transportation

Company. From a judgment for defendant, plaintiff appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*William H. Surratt* and *Paul R. Hassencamp,* for the appellant.

*Thaddeus H. Swank* and *Samuel H. Hoffberger,* with whom was *J. Calvin Carney* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The declaration in this case alleges that the American Woolen Company delivered at Boston, to the New York, New Haven and Hartford Railroad Company, two bales of woolens, numbered 44833 and 44984, consigned to the plaintiff in the City of Baltimore and to be conveyed to their destination by the Merchants and Miners Transportation Company, and that it became the duty of the latter company to transport and deliver the two bales of woolens to the plaintiff at Baltimore, but that it failed to make such delivery. It appears from the evidence that the plaintiff's claim is only for the non-delivery of one of the two bales included in the shipment, the other having been duly received. The bill of lading produced at the trial shows that two packages, numbered 44833 and 44984, were delivered by the American Woolen Company to the New York, New Haven and Hartford Railroad Company, and were by it transferred to the Merchants and Miners Transportation Company, under consignment to the plaintiff at the City of Baltimore. Subsequently the plaintiff was presented with a freight bill of the Merchants and Miners Transportation Company, for the conveyance, from Boston to Baltimore, of two bales of woolens, numbered 44833 and 44984, consigned to the plaintiff by the American Woolen Company. The freight bill, including an item for

drayage, was brought to the plaintiff by a drayman of the Central Transfer Company, who received payment from the plaintiff, and at the same time admittedly delivered one of the two bales which the bill specified. According to the plaintiff's proof the other bale, numbered 44833, has never been delivered. After due demand this suit was instituted to recover its value.

At the close of the plaintiff's case the defendant requested and obtained a directed verdict in its favor. The testimony on behalf of the plaintiff was legally sufficient to prove that he had received only one of the two bales of woolens ordered by him from the American Woolen Company, and shipped over the defendant's line, and it may be inferred from the evidence that the Central Transfer Company was acting as the defendant's agent in reference to the delivery of the goods at the plaintiff's place of business. But the verdict for the defendant appears to have been directed on the ground that there was no legally sufficient proof as to the contents of the bale which is the subject of the suit.

An invoice of the American Woolen Company, showing the quantity, style, color and price of the goods contained in package numbered 44833, consigned to the plaintiff, was offered in evidence. Objection was made to the invoice as proof of the contents of the package, but it was admitted as evidence of the market value of the goods, which was thus shown to be $241.41. The defendant's objection apparently did not apply to the admission of the invoice for that limited purpose. It must, therefore, to that extent be given the effect of competent proof. *Duvall* v. *Ridout,* 124 Md. 193; *Sentman* v. *Gamble,* 69 Md. 293. The package to which the invoice refers having been identified, by its shipment number, as one of the bales of woolens which the defendant received at Boston for transportation to Baltimore, for the plaintiff as consignee, and the value of the bale in question having been proved, and there being testimony as to its non-delivery, the case should not, in our opinion have been withdrawn from the jury merely be-

cause of the absence of evidence as to the kind and quantity of the woolens which the package contained. The designation of the goods as woolens, in the freight bill offered in evidence, conformed to their description in the declaration. It was as a bale of woolens that the goods were received by the defendant for transportation. If the defendant failed to perform the duty of transporting and delivering one of the bales of woolens described in the freight bill which it presented and collected, the plaintiff should not be denied recovery of the proved value of the undelivered bale simply because the evidence does not show specifically the quantity and quality of the woolens of which it was composed.

In addition to the plaintiff's exception to the action of the court below in directing a verdict for the defendant, the record contains an exception by the plaintiff to the ruling of the court that the invoice referred to was admitted only for the purpose of showing the value of the goods it describes. This limitation upon the effect of the invoice as evidence is said to have been erroneous because, as the bill of exceptions signed by the trial judge states, the official stenographer's notes fail to show that objection was made to the invoice when it was offered and admitted. But the judge's certificate also states his understanding that the defendant in fact objected to the proffer of the invoice except as proof of market value of the goods at the point of shipment. The case has been considered upon the theory that the invoice was admitted for the restricted purpose described in the bill of exceptions. The inadvertent omission of the stenographer to note the objection and ruling could not prevent the court from certifying to the facts in order that the case might be correctly presented on appeal. *Pindell* v. *Rubenstein,* 139 Md. 514.

*Judgment reversed, with costs, and new trial awarded.*