## LAURELHILL LAND CO v COLLISTER, Treas, et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12502. Decided May 2, 1932

Alfred Kelley, Cleveland, and Davies and Eshner, Cleveland, for plaintiff.

Edward Blythin, Cleveland, for the defendant, The Village of South Euclid.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist), sitting.

MONTGOMERY, P.J.

Were the doctrine of estoppel not invoked, as set forth in this amended answer, this court would, without hesitation, grant the relief prayed for in the petition, and would hold that this section means what it says. It is to be avoided, if at all, by the conduct of the plaintiff.

It will be noted that the amended answer pleads estoppel, as against the plaintiff, by virtue of a deed and contract, and to determine whether this is true, reference must be made to the documentary evidence offered in this court.

The grant in the deed to the plaintiff recites that it is "subject to the same restrictions, covenants and conditions as contained in the deed from the Brotherhood of Locomotive Engineers Co-operative National Bank to Stanlee T. Bates and Mills G. Clark, same being Land Title Registration Document No. 35886, as shown on Certificate of Title No. 14630."

There is a covenant in the deed, reciting that the same is free from all incumbrances whatsoever "except taxes and assessments, general and special, for the year 1928 and thereafter, all of which the grantee assumes and agrees to pay."

The Owner's Transfer Certificate of Title makes the same recitation as that in the deed which is hereinbefore set forth.

The reservation, to which reference was made, was in the original owners of the subdivision, and it retained to them the sole right to institute, to grant consent, or install improvements, and the sole right to petition the authorities for the installation of any and all improvements in their opinion necessary for the proper development of the subdivision. It then contains the following provision:

"The Grantee hereby consents to and affirms any agreement that may be entered into between the said original owners, their heirs and assigns, and other parties, providing for the installation of any of said improvements and the Grantee shall be bound, together with the lands herein described, for the payment of the cost of said improvements, hereby waiving all notices with reference to said petition and for consent to all things or acts which may be necessary in the matter, hereby granting and ratifying all agreements or acts on the part of the said original owners or their heirs and assigns in regard thereto, until the first day of January, 1940."

The petition filed by the former owner of the land was that the entire cost of the improvement be assessed according to benefits upon the lots and lands fronting on the street, and contained a waiver of statutory limitations, "and further expressly waive any and all irregularities or defects in the proceedings taken for or on account of said improvement, or the levying or collection of assessments charged for said improvement, or the letting of contracts therefor, and further waive any damages or claims for damages of whatsoever kind, character or description growing out of or resulting from said improvement or the making thereof.

"Your petitioners further waive notice of the passage of any and all resolutions, ordinances, orders or notices had or required for the making of said improvement, including a notice of the passage of the resolution declaring the necessity for said improvement, authorized by §3818 GC, and notice of the amount and time of payment of any and all assessments levied or charged, or to be levied or charged on account of said improvement, together with the notice authorized by §3895 GC."

Counsel for plaintiff also invoke §8572-31 GC, which is to the effect that a person taking a transfer of registered lands is not held to inquire into the consideration of previous owners, and shall not be affected with notice of liens, etc.

That section is not available if the doctrine of estoppel is effectively invoked, any more than are the provisions of §8572-56 GC. It is the opinion of this court that the plaintiff cannot rely upon the provisions of this Act when it had impliedly waived reliance thereon. It accepted the deed which contained these restrictions, and which excepted assessments from the warranty. It gave a mortgage on the property, and from its warranty it also made a similar exception.

With propriety, counsel for the Village cites the case of Doten v Bartlett, 107 Maine, 351; (78 Atl., 456). which holds "that a grantee is estopped to deny the validity of an assessment recited in his deed, and especially is he estopped when he himself makes a mortgage and repeats the same recital as an exception to the title."

Here, the evidence of plaintiff's title showed clearly the reservation in the

grantor of the right to secure these improvements and to bind the land, and the plaintiff was specifically bound to assume the assessments. Here is a specific agreement, the effect of which the plaintiff will not be permitted to escape. Here is a clear case of estoppel by deed and by contract, an estoppel by the express act of the plaintiff itself. The previous owner of the land reserved the right to institute these improvements, and to bind the land for them. The previous owner filed the petition, and the Village made the improvement.

Under these circumstances, the plaintiff can not, in our judgment, escape liability for the assessments. This holding would not be applicable to the cases, or to assessments in any of the cases, in which the subject-matter may be improvements not petitioned for by the former owners, in accordance with these reservations.

To the extent that these assessments do represent improvements so petitioned for in accordance with the reservations made by the former owners of the land, there may be a decree for the defendant, dismissing the petition.

As to other assessments, there may be an injunction allowed, as prayed for in the petition.

Costs in the several cases will be taxed against the losing parties, determined upon the conclusion herein announced.

Motion, or motions, for new trial, if filed, may be overruled.

Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.