FRANK T. GREENWALT *v.* THOMAS E.
McCARDELL, JR., ET AL.

[No. 1, April Term, 1940.]

134

*Decided April 17th, 1940.*

The cause was submitted on briefs to BOND, C. J., OFFUTT, PARKE, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Edward Oswald, Jr.,* and *George N. Oswald,* for the appellant.

*D. Angle Woelfinger,* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Frank T. Greenwalt is seeking an injunction to restrain Thomas E. McCardell, Jr., and Wilfred O. McCardell, from using the portion of a private roadway which runs through his land near the Potomac River to the public road leading to Sharpsburg in Washington County.

The appellant acquired a part of the farm of Edgar E. Line and Clara F. Line, his wife, on April 24th, 1930. The roadway through it has been used for many years for hauling wood from nearby timber land. The deed conveyed to the appellant "the right to use as means of ingress and egress to and from the land hereby conveyed the present farm road located near the east boundary of the tract herein described, leading from the public road southward to other lands of said Line and wife."

The appellees have acquired a tract from the same farm. This tract, situated east of the appellant's property, was conveyed by the owners on August 31st, 1931, to Noel Acton, of Baltimore. On July 16th, 1937, the grantors executed a supplementary deed reciting that it was verbally understood and agreed that Acton was to have a right of way, and since they desired to have that intention incorporated in writing, "to avoid any questions that might arise hereafter as to the right to use said roadway," they therefore granted and conveyed "a right of way and right to use the roadway known as the farm road * * * to the said Noel Acton, his heirs and assigns forever." On the same day Acton conveyed the tract and the right of way to the appellees.

The appellant says that he bought his land under the impression that the roadway ran entirely on a strip re-

served by the owners of the farm. The surveyor testified that he had noticed a few wagon tracks when he made the survey in April, 1930, but did not recall whether any of them were within the appellant's line at that time. In 1934, after rains had damaged the roadway running up the hill to the cottage, the appellant dug "back into the bank" a distance of about four feet to "seek more of level and get away from the ravine," and also macadamized the road. Mrs. Line, now a widow, testified that the course of the macadam road does not differ from that of the old wagon road. J. Fred Roulette, a neighbor, declared that he could not see any change in the location of the road since he hauled wood over it twenty years ago. Another witness said that he saw no difference in the location in more than thirty years. However, the surveyor testified that a portion of the roadway is now within the appellant's boundary line. He expressed the opinion that another roadway east of the present one "would probably get into the ditch."

It is well established that whenever it appears from a fair construction of a deed that it was the purpose of the parties to create or reserve an easement in the property conveyed for the benefit of other land owned by the grantor, regardless of the form in which the purpose may have been expressed, such a right is deemed to be appurtenant to the land of the grantor and binding on that conveyed to the grantee; and the right thus created or reserved will pass to all subsequent owners of the land to which it is appurtenant. *Knotts v. Summit Park Co.,* 146 Md. 234, 239, 126 A. 280. Where a right of way is established by reservation, the land remains the property of the owner of the servient estate, and he is entitled to use it for any purpose that does not interfere with the easement. *Gibbons v. Ebding,* 70 Ohio St. 298, 71 N. E. 720, 721; 17 *Am. Jur., Easements,* sec. 29. The courts generally hold that the reservation of an easement is not repugnant to the general words of a grant, especially when the grantee may acquire a valuable interest in the thing granted. *Gay v. Walker,* 36 Me. 54. Even though

a tract of land may be described by metes and bounds, easements appurtenant thereto nevertheless pass with the conveyance in favor of the dominant estate. If the land is conveyed in fee simple, and a strip thereof is excepted for a right of way, the courts hold that the land is conveyed subject to the easement, in order to effectuate the intention of the parties. *Elliot v. Small,* 35 Minn. 396, 29 N. W. 158; 16 *Am. Jur., Deeds,* sec. 311.

Moreover, the assertion of the appellant that he had shifted the roadbed for his convenience does not have the effect of making the appellees trespassers. After an easement has been established, its location should not be changed by either party without the other's consent. But if a way has been slightly and not materially changed, and the owner of a dominant estate has used it for several years, his acquiescence will be presumed; and the changes do not invalidate the rights of the persons who are entitled to use the way. In such a case it has been held by the Court of Appeals of Kentucky: "The fact that a few changes were made in the road by consent from time to time does not affect the rights of appellees. The changes were made merely for convenience, and, if the new way had been stopped up, the appellees could have returned to the old." *Crigler v. Newman,* 91 S. W. 706, 707, 29 Ky. Law Rep. 27; 19 *C. J., Easements,* sec. 215. In another case, where complainants sought a mandatory injunction to compel the owner of a servient estate to remove obstructions from a right of way, and the defendant made the defense that he had shifted the location of the way, the Supreme Court of Michigan declared: "The fact, if it be a fact, that the way during all the period has not been in the same place is not controlling. If the defendant * * * for its own convenience, pushed the way further to the west, the new way would take the place of the former one." *Berkey & Gay Furniture Co. v. Valley City Milling Co.,* 194 Mich. 234, 160 N. W. 648, 652; 19 *C. J. Easements,* sec. 170.

The appellant complains that he has spent nearly $1000 in improving the roadway and building a bridge, and he

argues that since it has been discovered that a portion of it now runs on his land, the appellees are estopped from using their right of way. He can not be allowed, however, to block the roadway merely because he says he did not understand ten years ago whether it was slightly east of his line, or slightly west of it, or partly on one side and partly on the other. It has long been a familiar principle that when one stands by and sees another making expenditures for improvements to property to which he has some claim or title, and does not give any notice or objection, he cannot afterwards in good conscience assert his own claim or title against the improver. But mere silence or acquiescence or failure to object does not operate as an estoppel against one who permitted the making of the improvements in ignorance of his own rights in the property, or in favor of the one making the improvements, when the means of knowledge of the true state of the title is equally available to both parties. The doctrine of estoppel cannot be invoked against a party who was not under any obligation to speak, and when any protest on his part against expenditures for improving the land would have been an officious interference with the right of the owner to improve the property as he saw fit. *Cityco Realty Co. v. Slaysman,* 160 Md. 357, 363, 153 A. 278; 19 *Am. Jur., Estoppel,* sec. 133.

The appellant also says that the use of the right of way by the appellees was not necessary, because they could travel across the fields or build another road nearer the gully. At common law implied easements of necessity are recognized on the theory that when an owner of land grants a part of it surrounded by his own, he impliedly grants thereby a way to reach it, so that the land will not be rendered unfit for occupancy. Maryland has accepted the general rule that where there is a grant of land without any express reservation of an easement, a reservation is implied if the easement is reasonably necessary for the fair enjoyment of the property. *Mitchell v. Seipel,* 53 Md. 251, 272; *Duvall v. Ridout,* 124 Md. 193, 92 A. 209; 17 *Am. Jur., Easements,* sec. 44; 100 *A. L. R.* 1312.

Thus a party would not be entitled to a way of necessity by implication if another outlet to the public highway could be secured without unreasonable trouble and expense. *Burns v. Gallagher*, 62 Md. 462, 471. But in the present case there were express grants. And this court has recognized that a way of necessity by implication of law does not arise from an express grant, but from a presumption that it was the intention of the parties that the grantee should have access to his land over the land of the grantor. *Fox v. Paul*, 158 Md. 379, 386, 148 A. 809. Mrs. Line explained that the purpose of the right of way was to give access to the remaining land to the south for hauling wood and also to provide for a right of way for any other lots that might be sold. Where an easement exists as a result of an express grant, its use may of course be enjoyed accordingly. 19 *C. J.*, *Easements*, sec. 218. Necessity of itself does not create a right of way; it is merely a fact offered in evidence to show an intention to establish a right of way by raising the presumption of a grant. Whether or not an easement is intended depends upon the provisions of the deed and and the facts in each particular case. *Doten v. Barlett*, 107 Me. 351, 78 A. 456, 458; 17 *Am. Jur., Easements*, sec. 48

From the language of the deeds and the testimony in the case, it is manifest that the grantors intended to reserve a right of way over the farm road; and since a right of way has been conveyed to the appellees, the decree dismissing the bill of complaint should be affirmed.

*Decree affirmed, with costs.*