MULLINS ET UX. *v.* RAY ET AL.

[No. 64, September Term, 1963.]

*Decided November 11, 1963.*

The cause was argued before HENDERSON, HAMMOND, HOR-
NEY, MARBURY and SYBERT, JJ.

*Moses Davis* and *Julio E. Soltero* for the appellants.

No brief and no appearance for the appellees.

MARBURY, J., delivered the opinion of the Court.

The appellants, Bob B. Mullins and Carolyn J. Mullins, his
wife, filed an amended bill in equity in the Circuit Court for
Anne Arundel County seeking to enjoin the appellees, Bessie
Ray and Russell Walden Ray, from interfering with their use
of a certain roadway located on a tract of land owned by the
latter, and adjacent to a tract purchased from them by appel-

lants. The bill also prayed for damages and for further relief. A certified copy of the deed from the appellees to the appellants was attached to the bill as an exhibit. The Mullinses sought and obtained an *ex parte* order granting a temporary injunction enjoining the defendants from interfering with the roadway. Appellees demurred to the amended bill assigning specifically as a ground the Statute of Frauds, and in addition filed a written motion to dissolve and rescind the order for injunction. The appellants answered the motion, and there was a hearing on both the demurrer and the motion, after which the court rendered a final decree on February 1, 1963, granting the motion and sustaining the demurrer. The record before us does not contain any opinion, written or oral, disclosing the grounds upon which the chancellor based the decree. Appellants here contest the correctness of this decree.

The facts set forth in the amended bill which, of course, must be taken as true for purposes of ruling on the demurrer, were these: On or about November 13, 1959, appellants purchased from appellees a certain tract of land improved by a dwelling house and situated on the south side of Dorsey Road, a state highway. A contemporaneous deed was executed and properly recorded. Frontage on Dorsey Road was about 150 feet and the lot had a depth of about 600 feet. Running the length of the west side of the lot was the roadway in dispute. The house was situated well back from and facing Dorsey Road, and between that road and the house was a lot of about one acre which had been under cultivation. Appellants used the roadway to get from Dorsey Road to the house, thus actually coming in from the state road by the side of the lot and house. Some time in November 1961 the appellees or their agents stretched across the entire width of the roadway a wire fence and posts, thereby preventing appellants from using it and precipitating this action.

The legal principles which govern here are well established in Maryland. As long ago as 1869, Judge Miller, speaking for the Court, said in *Bladen v. Wells*, 30 Md. 577, 581:

> "No principle of law is more firmly settled than that which excludes parol evidence from being used either at law or in equity for the purpose of contra-

> dicting, adding to, subtracting from, or varying the terms of a deed, or controlling its legal operation and effect, except where it is impeached for fraud, or where it is sought to be reformed upon the allegations of fraud, accident or mistake."

This is generally referred to as the merger doctrine, and many decisions pertinent thereto are collected in 6 M.L.E., *Conveyances,* § 94.

Another principle concerns easements raised by way of necessity. Where a grantor conveys a tract of land which has no outlet to a public highway except over his remaining land or over that of a stranger, a way of necessity over the grantor's remaining property will be implied. *Condry v. Laurie,* 184 Md. 317, 321, 41 A. 2d 66. But we recognized in that same case that mere inconvenience is not sufficient to justify raising an implied easement. Only in cases of strictest necessity where it is not reasonable to suppose that the intent of the parties is to the contrary will this principle be invoked. *Id.,* 322.

The appellants in their brief and oral argument claimed that the demurrer should have been overruled and the case permitted to be tried on its merits by allowing them to offer evidence at the trial to show that the case would fall within any one of the recognized exceptions to the requirements of Section 4 of the Statute of Frauds. The short answer to this proposition is that our reading of the bill discloses no allegation of fraud or mistake, nor anything which would constitute a basis for estoppel. The bill merely states that they are entitled to this right-of-way as an appurtenance to the property conveyed under the "Together" clause of the deed to them.

It is true that there was testimony taken at the hearing on the appellees' motion to dissolve and rescind the order granting the temporary injunction that would support appellants' claim that appellees intended them to have the use and enjoyment of the roadway. According to the appellants' testimony reliance was placed on certain remarks made by appellees and the attorney for the mortgagee immediately prior to the settlement which led them to believe that they had unlimited use of the road without any mention of it being required in the deed.

Aside from the fact that none of this was alleged in the amended bill, their own witness made it clear that there was no mistake or accident in not including the easement in the deed. The attorney who handled the settlement of the transaction for the mortgage company testified that he told the appellants that the description in the deed did not call for the right-of-way and, in answer to a question propounded by appellants' counsel, stated that he told appellants that appellees were not going to allow the right-of-way to be included in the deed.

In support of their case the appellants further claim that the road in question was and still is the only existing road for ingress and egress to their home. While this may be true literally speaking, the road is not the only means of *access* to and from the public highway, Dorsey Road. The appellants' property abuts Dorsey Road as we have seen, and the lot between it and the appellants' house is fairly flat. It does not appear that a road could not feasibly be constructed over it. After all, the road in dispute came into being by continued driving of vehicles over similar terrain.

Mr. Mullins testified that he and his wife could not afford the cost of constructing a road over that lot. This same protest was raised in *Condry v. Laurie, supra,* where construction of a bridge was involved. We recognize that if the cost would require an unreasonable expense out of proportion to the value of the land there might be a reason for implying an easement. But, we said too that the Court will not recognize a way of necessity if another road to the highway can be made without unreasonable expense, even though the other road may be much less convenient. Mere inconvenience is not sufficient to justify the finding of a way by necessity. *Id.,* 322.

*Duvall v. Ridout,* 124 Md. 193, 92 Atl. 209, is controlling. There a portion of a tract of land was sold, partly bordering on a public road, to which there was also access by a road wholly within the parcel sold. However, a more convenient route which traversed part of the land reserved by the grantor was used by the grantee for several years without any objection. Then the grantor erected a wire fence across the roadway, and the grantee having removed it under a claim of right, the grantor brought a

bill in equity to perpetually enjoin the grantee from using the road.

As in the instant case, there was testimony as to an oral agreement that the grantee would be permitted to use the way in question, in other words, merely a license. This was denied by the grantee who claimed the right to use the road absolutely. He relied, as do appellants here, on the deed's "Together" clause which contained the exact language contained in the deed involved in this case. We held that the deed did not contain language sufficient to confer such a right, and further, that since there was another means of access to the public road although by a less convenient route, there was no way of necessity over the disputed road.

We hold that since appellants' amended bill of complaint does not allege facts sufficient to charge fraud, mistake, accident or grounds for estoppel, and since there is no occasion to imply an easement by necessity, the decree appealed from must be sustained.

*Decree affirmed, costs to be paid by appellants.*